UNITED STATES DISTRICT COURT  **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 22-104-DMG (AFMx) | Date | March 10, 2022 |
|---|---|---|---|
| Title | *Stacy Rivera v. AHMC Healthcare, Inc., et al.* | Page | 1 of 5 |

| Present: The Honorable | DOLLY M. GEE, UNITED STATES DISTRICT JUDGE |
|---|---|

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [15]**

On November 16, 2021, Plaintiff Stacy Rivera filed a complaint in Los Angeles County Superior Court asserting a single claim under California's Private Attorneys General Act ("PAGA"), Cal. Lab. Code § 2698 *et seq.*, against Defendants AHMC Healthcare, Inc., AHMC Monterey Park Hospital LP, and Monterey Park Hospital.[1] Compl. [Doc. # 1-1].[2] Plaintiff's Complaint alleges Defendants violated a number of California labor laws, including failure to pay overtime, failure to provide compliant meal and rest breaks, failure to pay minimum wages, failure to timely pay wages during employment and upon termination, failure to provide complete and accurate wage statements, failure to keep complete and accurate payroll records, and failure to reimburse necessary business-related expenses and costs. *See id.* at ¶¶ 55-63. Defendants were served with Plaintiff's complaint on December 20, 2021. Notice of Removal ("NOR") ¶ 2 [Doc. # 1]. Defendants filed their Answer in the state court on January 3, 2022. *Id.* at ¶ 4.

On January 6, 2022, Defendants timely removed to this Court. *See generally* NOR. Defendants' NOR invokes this Court's federal question jurisdiction. *See id.* at ¶ 6. Defendants contend Plaintiff's claim regarding Defendants' alleged violation of California's overtime wage requirements are completely preempted by section 301 of the Labor-Management Relations Act ("LMRA"), codified at 29 U.S.C. § 185. *Id.* at ¶ 6f. Defendants assert that employees of

---

[1] Defendant asserts that AHMC Healthcare, Inc. provides human resources, accounting, legal, and administrative support services to AHMC Monterey Park Hospital LP, and Monterey Park Hospital is a d/b/a of AHMC Monterey Park Hospital LP and not a separate legal entity. *See* Notice of Removal at 6 n.1; *see also* Saito Decl. ¶ 2 [Doc. # 1 at 5] (asserting AHMC Healthcare, Inc. provides support services to AHMC Monterey Park Hospital LP).

Page citations herein refer to the page numbers inserted by the CM/ECF system.

[2] Plaintiff has since filed a First Amended Complaint, with the Court's leave. *See* First Amended Complaint ("FAC") [Doc. # 18].

UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA  
CIVIL MINUTES—GENERAL

JS-6 / REMAND

| | | | |
|---|---|---|---|
| Case No. | CV 22-104-DMG (AFMx) | Date | March 10, 2022 |
| Title | Stacy Rivera v. AHMC Healthcare, Inc., et al. | Page | 2 of 5 |

Defendant AHMC Monterey Park Hospital LP are covered by a collective bargaining agreement ("Defendants' Qualifying CBA") that meets certain requirements, which displaces Plaintiff's overtime claims under California law. *Id.* Defendants do not assert any other basis for removal.

Plaintiff filed a Motion to Remand on February 4, 2022. Motion to Remand ("MTR") [Doc. # 15]. In her MTR, Plaintiff asserts she was not covered by Defendants' Qualifying CBA, and therefore contends her claim is not preempted.

The motion is fully briefed. [*See* Doc. ## 17 ("Opp."), 20 ("Reply").] Having duly considered the parties' arguments, the Court **GRANTS** Plaintiff's MTR.

## I.
## LEGAL STANDARD

Defendants may remove a case filed in a state court to a federal court if the federal court would have original jurisdiction over the case. 28 U.S.C. § 1441. There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted); *see also Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) (any "doubt is resolved against removability"). The party "seeking removal has the burden to establish that removal is proper" and the "burden of establishing federal subject matter jurisdiction." *Id.*; *see also Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)).

## II.
## DISCUSSION

Defendants removed this action to federal court on the basis that some of Defendants' employees are covered by a CBA whose terms operate to displace certain California wage and hour laws. In this circuit, if an asserted cause of action involves a right that "exists solely as a result of the CBA," section 301 preempts the claim. *See Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007) (describing test for determining preemption). A claim subject to complete preemption under the LMRA "raises a federal question" and "can be removed to a federal court." *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019) ("Although normally federal preemption is a defense that does not authorize removal to federal court, [the LMRA] has such extraordinary pre-emptive power that it converts an ordinary state common law

UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA  
CIVIL MINUTES—GENERAL

JS-6 / REMAND

| | |
|---|---|
| Case No. **CV 22-104-DMG (AFMx)** | Date **March 10, 2022** |
| Title **Stacy Rivera v. AHMC Healthcare, Inc., et al.** | Page **3 of 5** |

complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.") (internal quotations omitted).

Plaintiff brings her PAGA claim for overtime violations under California Labor Code sections 510 and 1194. Compl. at ¶ 55. The Labor Code states that:

> Sections 510 and 511 do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage.

Cal. Lab. Code § 514. When a CBA "meet[s] the requirements of section 514," a plaintiff's "right to overtime exists solely as a result of the CBA, and therefore is preempted under [section] 301." *Curtis*, 913 F.3d at 1154 (internal quotations omitted); *accord Martinez v. Omni Hotels Mgmt. Corp.*, 514 F. Supp. 3d 1227, 1236 (S.D. Cal. 2021) (concluding that "the Ninth Circuit's ruling in *Curtis* [. . .] is decisive in demonstrating that a plaintiff's right to unpaid overtime is preempted under the first step of the Ninth Circuit's preemption test if a CBA meets the requirements of [section] 514" in a PAGA claim).

Plaintiff does not dispute that Defendants' Qualifying CBA meets the requirements of section 514. But Defendants do not dispute that Plaintiff is not covered by Defendants' CBA. In fact, Plaintiff is apparently covered by a different CBA that does not meet the requirements of section 514. Under the CBA to which Plaintiff is a party, not all covered employees are paid 30% more than the minimum wage. *See* Opp. at 7 n.2. Section 514 does not operate to displace California wage and hour laws if an employee is not "covered by a valid collective bargaining agreement" that meets the requirements enumerated in the law. Plaintiff's own overtime claim is therefore not displaced by Defendants' Qualifying CBA.

Defendants argue Plaintiff's PAGA claim is nevertheless preempted because she asserts her claim on behalf of Defendants' employees, and some of *their* claims are displaced by Defendants' Qualifying CBA. *See* Opp. at 16-22. Plaintiff argues, on the other hand, that her PAGA complaint is brought on behalf of California's Labor & Workforce Development Agency ("LWDA"), and that non-party aggrieved employees are no more "parties" to this case than are putative class members in pre-certification class actions. Reply at 3-5. Because Plaintiff's individual claim is not preempted, Plaintiff contends her PAGA claim likewise cannot be preempted. MTR at 8-9.

UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 22-104-DMG (AFMx) | Date | March 10, 2022 |
|---|---|---|---|
| Title | *Stacy Rivera v. AHMC Healthcare, Inc., et al.* | Page | 4 of 5 |

Plaintiff analogizes this case to a class action. In class actions, "the usual rule . . . is that to establish subject matter jurisdiction one looks only to the named plaintiffs and their claims." *Gonzalez v. United States Immigr. & Customs Enf't*, 975 F.3d 788, 810 (9th Cir. 2020) (citing *Pruell v. Caritas Christi*, 645 F.3d 81, 83 (1st Cir. 2011)); *see also Gibson v. Chrysler Corp.*, 261 F.3d 927, 940 (9th Cir. 2001) ("[A] class action, when filed, includes only the claims of the named plaintiff or plaintiffs. The claims of unnamed class members are added to the action later, when the action is certified as a class under Rule 23.") Were this a class action, Plaintiff posits, this Court would lack subject matter jurisdiction because Plaintiff's claim is not preempted, even if the claims of absent class members might be.

Plaintiff points in particular to *Cardosa v. Omni Hotels Management Corporation*, in which another district court in this circuit remanded a putative class action removed under the LMRA, in part because the named plaintiff was not covered by the CBA that served as the basis for the defendants' removal. *See Cardosa v. Omni Hotels Mgmt. Corp.*, 177 F. Supp. 3d 1278, 1285 (S.D. Cal. 2016) (remanding on the basis that the plaintiff and the proposed class were not covered by the CBA and the plaintiff's claims were not substantially dependent on the interpretation of the CBA). *Cardosa* is distinguishable, most importantly because the district court concluded that the plaintiff's claims were not substantially dependent on the interpretation of the CBA, whereas here it is undisputed that Defendants' Qualifying CBA could in theory displace state overtime wage provisions in light of the Ninth Circuit's decision in *Curtis*. In addition, the court's reasoning in *Cardosa* does not indicate that the court rested its decision on its conclusion that the plaintiff herself was not covered by the CBA: if that fact were dispositive, there would be no reason for the court to evaluate whether the LMRA actually preempted the claims asserted in the plaintiff's complaint. Still, Defendants point to no case providing for section 301 preemption where the plaintiff was not actually covered by the CBA in question.

In the end, Plaintiff's class action analogy is inapposite, because this is not a class action, but a PAGA claim. In a PAGA claim, the real party in interest is neither the named plaintiff nor the absent aggrieved employees, it is the State of California. *See Kim v. Reins Int'l California, Inc.*, 9 Cal. 5th 73, 81 (2020); *Urbino v. Orkin Servs. of California, Inc.*, 726 F.3d 1118, 1123 (9th Cir. 2013).

Both sides argue the same cases support their opposing positions on how the Court should treat the claims of absent aggrieved employees in a PAGA claim. *See, e.g.*, MTR at 7 (citing *Kim* for proposition that "every PAGA claim is a dispute between an employer and the state"), Opp. at 18-19 (citing *Kim* for proposition that "every PAGA action . . . is a representative

| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>CIVIL MINUTES—GENERAL | | JS-6 / REMAND |

| Case No. | CV 22-104-DMG (AFMx) | Date | March 10, 2022 |
|---|---|---|---|
| Title | *Stacy Rivera v. AHMC Healthcare, Inc., et al.* | Page | 5 of 5 |

action on behalf of the state . . . Plaintiffs may bring a PAGA claim *only* as the state's designated proxy, suing on behalf of *all* affected employees" (emphasis in original)).[3]

      The case law does not clearly support either position. The Ninth Circuit has made clear that district courts should not consider the claims of absent aggrieved employees in calculating damages in PAGA suits. *See Urbino*, 726 F.3d at 1122 (holding individual employees' claims are not aggregated for purposes of determining whether $75,000 amount in controversy threshold for diversity jurisdiction is met in a PAGA claim). Although the California Supreme Court has described a PAGA suit as one "on behalf of *all* affected employees," in the same order the Court described a PAGA action as one "designed primarily to benefit the general public." *See Kim v. Reins Int'l California, Inc.*, 9 Cal. 5th 73, 87, 81 (2020). Defendants' NOR conceives of PAGA as the aggregation of employees' individual claims. Per Defendants' theory, if some of those claims are preempted by the existence of Defendants' Qualifying CBA, then those claims are removable to this Court, and Plaintiff's claim must come with them. Defendants have not persuasively shown that this conception of PAGA is the correct one. Where there is doubt as to removability, it is resolved against removal. *See Luther*, 533 F.3d at 1034.

      In addition, in the case currently before the Court, Defendants' conception of PAGA would lead to anomalous results. As a matter of policy, complete preemption under section 301 is intended to promote uniformity and consistency in the interpretation of collective bargaining agreements. *See Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 209–10 (1985) (citing *Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 103-104 (1962)). Here, Plaintiff's claim is not covered by Defendants' Qualifying CBA, and resolving Plaintiff's claim would not require reference thereto. The policy underlying preemption would not be served by exercising jurisdiction in this case.

### III.
### CONCLUSION

      In light of the foregoing, Plaintiff's MTR is **GRANTED**. This action is **REMANDED** to Los Angeles County Superior Court. The March 11, 2022 hearing is **VACATED**.

**IT IS SO ORDERED.**

---

[3] Defendants also point to cases showing that the same test for preemption applies whether a case is brought by the state or an individual. *See Lujan v. Southern California Gas Company*, 96 Cal. App. 4th 1200, 1208 (2002); *Department of Fair Employment & Housing v. Verizon Cal., Inc.*, 108 Cal. App. 4th 160, 171-72 (2003). But the issue here is not what test to apply, but how to apply it.